there have been no allegations that Appellant spent the funds on anything other than necessaries or that he misused the funds in any way. The probate court has already granted Appellant a monthly allowance of $450 per child that appears to be ongoing, which Appellant does not directly dispute in this appeal, and Appellant testified that he would comply with all of the rules for conservators in the future. Although we certainly do not condone Appellant's past failure to comply with the statutory requirements, to disallow the reasonable expenditures or to hold Appellant liable under the unusual circumstances of this case would work an injustice and would be contrary to the purposes of the guardianship and conservatorship statutes. Accordingly, Points I, II, III, IV, and VI are granted.

In his fifth point of error, Appellant contends that the court erred in failing to credit or reimburse him for expenditures made on behalf of the Children during the time prior to his being appointed as co-guardian in which their social security income was withheld to make up for prior overpayment.[7] He asserts that the court's "order" effectively required him to expend his own funds on the Children in violation of § 475.120.4. *See supra.* There is no express ruling on this issue in the record, and it is unclear from Appellant's testimony whether he and his wife have already been reimbursed.[8] Since the case is being remanded, Appellant may file an appropriate written claim or request seeking pay-

ment for such amounts as he claims are due. The court may then properly address the issue, including, if needed, taking additional evidence.

In conclusion, the probate court's June 30, 2006 and August 22, 2006 judgments are reversed to the extent that they disallow the expenditures listed in the 2004 and 2005 annual settlements and hold Appellant liable for those amounts and any associated costs or fees. The case is remanded for further proceedings consistent with this opinion. The judgments are affirmed in all other respects.

All concur.

**STATE of Missouri, Respondent,**

v.

**Churon Emanual ELAM, Appellant.**

**No. WD 67218.**

Missouri Court of Appeals,
Western District.

Feb. 19, 2008.

---

7. Appellant made an oral request at the hearing for reimbursement for the amounts spent from July 2002 through January 2003, when the Children's monthly social security income in the amount of $568 each had been withheld to offset a prior overpayment of approximately $3,974 each. Appellant testified that he and his wife had paid for the Children's expenses entirely from their own income during that period and that the monthly expenses were between $500 and $600 per month each,

or $6,000 to $7,200 total over six months for both children.

8. Appellant stated that "when the social security finally started reinstating their benefits, after the money had all been paid off, during the period of April 1 of 2002 through March of 2003, they gave each child an amount of about $3,442. But that—for that six-month period, they gave them nothing."

Craig A. Johnston, Columbia, MO, for Appellant.

Shaun J. Mackelprang, Jefferson City, MO, for Respondent.

Before VICTOR C. HOWARD, C.J., LISA WHITE HARDWICK, and JAMES EDWARD WELSH, JJ.

## ORDER

PER CURIAM.

Churon E. Elam appeals the circuit court's judgment convicting him of robbery in the first degree, armed criminal action, and two counts of felonious restraint. We affirm. Rule 30.25(b).

**LIBERTY MUTUAL INSURANCE COMPANY, Respondent,**

v.

**Honorable Jeremiah W. NIXON and Labor and Industrial Relations Commission, Appellant.**

**No. WD 66598.**

Missouri Court of Appeals, Western District.

Feb. 19, 2008.

Heidi C. Doerhoff, Jefferson City, MO, for Appellant.

Mark G. Arnold, St. Louis, MO, for Respondent.

Before VICTOR C. HOWARD, C.J., EDWIN H. SMITH,[1] and THOMAS H. NEWTON, JJ.

## ORDER

PER CURIAM.

The State of Missouri and the Labor and Industrial Relations Commission appeal from a summary judgment in favor of Liberty Mutual Insurance Company where the trial court interpreted a 2005 amendment to. the workers' compensation law.

For reasons stated in the memorandum provided to the parties, we affirm. Rule 84.16(b).

**STATE of Missouri, Respondent,**

v.

**Wayne C. JOHNSON, Appellant.**

**No. WD 67567.**

Missouri Court of Appeals, Western District.

Feb. 19, 2008.

---

1. Smith, J. was a member of this court at the time the case was argued; however, he has subsequently retired from the court, and did not take part in the outcome of this case.